UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID LEE FORBES,

    Petitioner,

v.

    Case No. 1:12-cv-985

    Hon. Robert J. Jonker

CINDI CURTIN,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

David Lee Forbes (sometimes referred to as "petitioner"), a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is now before the Court on respondent's motion for summary judgment on grounds that the petition should be dismissed as untimely (docket no. 10).

    **I.**    **Background**

On September 27, 2007, a jury found petitioner guilty of four counts of first degree criminal sexual conduct, M.C.L. § 750.520b(10)(a). *People v. Forbes*, No. 282629, slip op. at p. 1 (Mich. App. May 19, 2009) (docket no. 20). On October 30, 2007, the state court sentenced him to 210 months to 27 years in prison. *Id.*; Sent. Trans. at pp. 11-12 (docket no. 19).

Petitioner filed an appeal of right with the Michigan Court of Appeals, which affirmed his convictions on May 19, 2009. *People v. Forbes*, No. 282629 (Mich. App. May 19, 2009). Petitioner filed an application for leave to appeal that decision in the Michigan Supreme Court, which the latter Court denied on September 28, 2009. *People v.Forbes*, No. 139042 (Mich. Sept. 28, 2009) (docket no. 21).

After his unsuccessful appeal, petitioner returned to the trial court where he filed a motion for relief from judgment on December 6, 2010. *See* Order (Jan. 14, 2011) (docket no. 24). The trial court dismissed portions of his motion on January 14, 2011, and denied the balance of the motion on May 29, 2012. *See id.*; Order (May 29, 2012) (docket no. 27). Petitioner did not seek review of the trial court's orders in the Michigan Court of Appeals. *See* Affidavit of Larry Royster (docket no. 22).

About three and one-half months later, Forbes filed a petition in this Court seeking habeas relief under 28 U.S.C. § 2254. *See* Petition (docket no. 1). The petition is dated September 12, 2012, and was filed in this Court on September 19, 2012. *Id.* Because Forbes filed his petition *pro se*, the petition is considered filed as of the date he signed it under penalty of perjury. *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999).

**II.  Discussion**

**A.  Motion for summary judgment**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

### B.  Statute of limitations

Respondent contends that petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The AEDPA further provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision of § 2244(d)(2) to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

### C. Forbes' petition was untimely

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The record reflects that petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court, with the latter court denying his application for leave to appeal on September 28, 2009. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the expiration of the 90-day period in which petitioner could have sought review in the United States Supreme Court. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). Here, the 90-day period expired on December 27, 2009, meaning that petitioner had one year from that date, i.e., December 27, 2010, to file his habeas application. As discussed, Forbes filed his petition on September 14,

4

2012. Obviously, he filed more than one year after the time for direct review expired. Thus, absent tolling or other excuse, his application is time-barred.

In this case, petitioner filed a post-trial motion for relief from judgment. Under § 2244(d)(2), a properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. An application for post-conviction relief "is pending as long as the ordinary state collateral review process is 'in continuance' - *i.e.*, 'until the completion of' that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures . . . ." *Carey v. Saffold*, 536 U.S. 214, 219 (2002).

Petitioner filed a motion for relief from judgment on December 6, 2010, 344 days into the 365-day limitations period. That filing tolled the one-year habeas statute of limitations, leaving petitioner with 21 days to file his habeas petition once the post-trial collateral review concluded. The trial court denied his motion on May 29, 2012. Under the Michigan Court Rules in effect at that time, petitioner had six months after the denial of this order (November 29, 2012), in which to file a delayed application for leave to appeal to the Michigan Court of Appeals. *See* MCR 7.205(F)(3). As discussed, *supra*, petitioner did not file an application for leave to appeal.

For purposes of determining whether Forbes filed his habeas petition within the one-year statute of limitations, the Court views his post-judgment proceeding as "pending" only through the date of the trial court's order (May 29, 2012), because Forbes did not timely file an application for leave to appeal that order in the Michigan Court of Appeals. In *Evans v. Chavis*, 546 U.S. 189, 191 (2006), the Supreme Court addressed the AEDPA's statute of limitations, and held that:

> The Act tolls this 1-year limitations period for the "time during which a properly filed application for State post-conviction or other collateral review . . . is

5

pending." § 2244(d)(2). The time that an application for state postconviction review is "pending" includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law.

*Chavis*, 546 U.S. at 191 (emphasis in original) (citing *Saffold*, 536 U.S. 214).

Here, Forbes' post-judgment collateral review was pending only through the lower court's order of May 29, 2012. Under *Chavis*, Forbes' claim was not pending after that date because he failed to file a timely notice of appeal under state law. Based on this chronology, Forbes' statute of limitations expired 21 days after May 29, 2012, or on June 19, 2012. Because Forbes did not file his habeas petition until September 12, 2012, his petition was untimely.

### D. Forbes has not demonstrated equitable tolling

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 6456(2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Correctional Institution*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260. Here, Forbes has not

established that he is entitled to equitable tolling. Indeed, Forbes did not even file a brief to contest respondent's motion for summary judgment. Accordingly, his habeas petition is time-barred.

### III. Recommendation

I respectfully recommend that respondent's motion for summary judgment (docket no. 10) be **GRANTED** and that the habeas corpus petition be denied because it is barred by the one-year statute of limitations.

I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated: February 3, 2014                                /s/ Hugh W. Brenneman, Jr.
                                                       HUGH W. BRENNEMAN, JR.
                                                       United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).